Mr. Justice Clayton
delivered the opinion of the court.
This was a bill of injunction filed in the circuit court of Tallahatchie county. It states that the defendant had obtained a judgment against the complainant as administrator of Benjamin Bullock, deceased, for about $350, and “that the defendant had previously become indebted to the intestate of complainant after his decease in about the sum of $250, for the rent of a certain tract of land; ” and that the defendant is insolvent. It prays that the amount thus due for rent may be set off against the judgment. On final hearing, the court below dissolved the injunction and dismissed the bill.
A question which lies at the root of this case is, whether the rent accruing after the death of the intestate, and arising without any special contract, would pass to the administrator, or to the heirs at law. Beyond all doubt, unless the estate be insolvent, the lands pass at once by descent to the heirs at law. The rent subsequently accruing passes to the same persons, as an incident to the land. The whole tenor of the laws on the subject of testaments and administration shows this to be the case. The *295 administrator has in general nothing to do with the real estate. Of consequence there was no foundation for this bill. The heirs were entitled to the rent; the administrator was liable for the debt. There was no privity between them. McCoy v. Nichols, 4 How. 31.
The claim for rent could not have been made the subject of set-off at law for want of mutuality of liability; nor can it, for the same reason, form the basis of a decree in equity. The heirs and administrators, in respect to their rights, are entirely distinct.
The decree below was correct, and is affirmed.